NO. 07-03-0064-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2004

_____

ADRIAN GUSTAVO LONA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 86683; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Adrian Gustavo Lona, appellant, was indicted for aggravated sexual assault. He appeals his conviction and sentence pursuant to a plea of guilty to the lesser included charge of sexual assault. We affirm.

On October 21, 2002 appellant entered a plea of guilty to a charge of sexual assault. The trial court accepted appellant's plea without the benefit of a plea agreement with the State. The trial court held a sentencing hearing on December 2, 2002, received evidence,

and sentenced appellant to 20 years confinement in the Texas Department of Criminal Justice Institutional Division.

Appellate counsel has filed a motion to withdraw, along with an *Anders*[1] brief. In support of his motion to withdraw, he certifies that he has diligently reviewed the record and applicable law, has found no reversible errors, fundamental or otherwise, upon which to base a meritorious appeal, and has concluded the appeal is frivolous. Appellant's counsel attached to his brief a letter, sent to appellant with a copy of counsel's brief and a copy of the reporter's record, informing appellant of his right to obtain and review the record and to raise any point or matter he wishes this court to review. Appellant's counsel also filed a motion requesting appellant be given an extension to allow sufficient time for him to obtain and review the record and file a *pro se* brief with the court. The motion was granted and this court notified appellant, but he has not filed a response.

The written plea admonishments signed by appellant include the statement that his trial counsel provided effective and competent legal representation. Appellant told the trial court when he entered his plea that he was satisfied with his counsel's representation of him. The record also includes a form document signed by appellant following sentencing that includes a general allegation of ineffective assistance of counsel at trial. The brief filed by appellant's appellate counsel includes a discussion of his examination of the record for any evidence of ineffective assistance of trial counsel, pursuant to the requirements of

---

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400, 18 L. Ed 2d 493, 498 (1967).

*Strickland v. Washington.*[2] Counsel reports that the record is devoid of evidence that would meet either of the two prongs of the *Strickland* test. Appellant's counsel also provides an analysis of the procedural facts of the case and the applicable law, with references to the record and citations to legal authority relied upon in making his determination that the appeal is without merit. *See High v. State*, 573 S.W.2d 807, 811-12 (Tex.Crim.App. 1978).

Appellate counsel notes that the admonishment given appellant by the trial court regarding his right to appeal was incorrect in that it imposed terms more restrictive than the law requires. The court admonished appellant as if he were a person entering a plea of guilty pursuant to a plea bargain. Appellant was admonished that he would have to obtain consent from the trial court to appeal his plea of guilty and to invoke the jurisdiction of this court he would have to comply with the requirements of Texas Rule of Appellate Procedure 25.2(b)(3) in his notice of appeal.[3] Appellant, however, was not entering a plea of guilty pursuant to a plea bargain. Even though appellant was incorrectly advised regarding his right to appeal, he timely filed a notice of appeal sufficient to perfect his appeal. No issue is raised by the improper admonishment.

This court has independently reviewed the record and legal authority, including that cited by counsel in his brief. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991); *see Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed 2d 300 (1988). The record

---

[2] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[3] Appellant's sentencing hearing was held on December 2, 2002. Amendments to Texas Rule of Appellate Procedure 25.2, effective January 1, 2003, replaced subdivision 25.2(b)(3) with current subdivision 25.2 (a)(2).

indicates that appellant was timely indicted and provided representation by legal counsel, signed admissions of guilt and written admonishments, and was orally examined and admonished by the trial judge before the guilty plea was accepted. The sentence imposed by the court is within the range of punishment provided for by statute. We find no arguable grounds for appeal.

Counsel's Motion to Withdraw is therefore granted and the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.